# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| DORINDA LAUER,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION & ORDER<br><br>CASE No: 1:17-cv-00089-DBP<br><br>MAGISTRATE JUDGE DUSTIN B. PEAD |

## **INTRODUCTION**

　　Plaintiff Dorinda Lauer (Plaintiff or Ms. Lauer) seeks judicial review of the decision of the Acting Commissioner of Social Security (the Commissioner) denying her claims for disability insurance benefits (DIB) and supplemental security income (SSI) payments under Titles II and XVI of the Social Security Act (Act). *See* 42 U.S.C. §405(g). Now, after careful review of the record, the parties' briefs, and arguments presented at the January 17, 2018 hearing, the court affirms the Commissioner's decision and denies Ms. Lauer's appeal.

In early 2013, Plaintiff filed applications for DIB and SSI, alleging she became disabled in November 2012[1] (*see* ECF No. 8, Certified Administrative Transcript (Tr.) 40, 205-18). Ms. Lauer alleged disability due to a number of conditions including a back injury, arthritis, and chronic pain (Tr. 245). Following an April 2016 hearing, at which Ms. Lauer and her attorney appeared and testimony was given by both Plaintiff and a vocational expert (Tr. 57-76), Administrative Law Judge (ALJ) Jason Crowell denied Plaintiff's applications in his June 1, 2016 decision (Tr. 37-56).The ALJ's decision followed the familiar five-step sequential evaluation process set forth under the regulations and determined, while limited by her impairments, Plaintiff could still perform certain unskilled jobs and was not disabled as defined by the Act (Tr. 42-51). *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The Appeals Council denied Plaintiff's request for review (Tr. 1-6, 32-36), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210(a). This appeal followed and Plaintiff filed her petition for review before this court on June 9, 2017 (ECF No. 3).

---

[1] Although Plaintiff alleges this earlier onset date, SSI benefits are not actually payable until the month following the month in which the claimant files an application, which, in this case, was February 2013 (*see* Tr. 40). *See* 20 C.F.R. §416.335.

## **FACTUAL BACKGROUND**

Ms. Lauer stopped working in November 2012 due to exacerbation of her chronic back pain (Tr. 63, 64, 327). Prior to that time, she was a supervising manager at PetSmart for 15 years (Tr. 63, 327).

The record reflects that Ms. Lauer saw a chiropractor for neck and back pain in late 2012 and early 2013 (Tr. 332-411). Plaintiff also saw family practitioner Michael Woolman, M.D., for regular health needs, maintenance of her hypertension/mild diabetes mellitus, and for complaints of fibromyalgia, back pain, and joint pain (*see, e.g.*, Tr. 434, 553-62, 575-604).

The record before the ALJ also contained opinions from:

- Dr. Woolman (Tr. 455-58 (May 2012), 539-40 (January 2015), 563 (October 2015), 542-50 (January 2016))

- Physical therapist Ernie Chavez (Tr. 435-44 (February 2014))

- Consultative examining physician Joseph Nelson, D.O. (Tr. 426-33 (June 2013))

- Consultative examining psychologist Richard Grow, Ed.D. (Tr. 413 (June 2013))

- State agency physician David Peterson, M.D. (Tr. 80-85 (July 2013))

- State agency psychologist Melvin Sawyer, Ph.D. (Tr. 80-86 (August 2013))

- State agency physician Kimberlee Terry, M.D. (Tr. 109-13 (November 2013)), and

- State agency psychologist Charles Raps, Ph.D. (Tr. 109-14 (November 2013)).

## STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation and citation omitted). Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed. *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

In addition, the federal "harmless error" statute instructs courts to review cases for errors of law without regard for errors that do not affect the parties' substantive rights. *See* 28 U.S.C. §2111. It is "the party that seeks to have a judgment set aside because of an erroneous ruling [that] carries the burden of showing that prejudice resulted." *Shinseki v. Sanders*, 556 U.S. 396, 407-409 (2009) (internal quotation marks and citation omitted).

## DISCUSSION

The ALJ's June 2016 decision followed the regulatory five-step sequential evaluation in determining that Ms. Lauer was not disabled (Tr. 40-51). *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). As relevant here, the ALJ found, notwithstanding her severe impairments of lumbar and cervical degenerative disc disease, obesity, major

Page 4

depressive disorder, and generalized anxiety disorder, Plaintiff retained the residual functional capacity (RFC) for a limited range of light work that only required simple decisions and was without fast paced production or work place changes (Tr. 42-49). [2] The ALJ relied on vocational expert testimony to conclude that Ms. Lauer could perform work existing in significant numbers in the national economy, including the representational jobs of router, office helper, and marker (Tr. 50). Based thereon, the ALJ determined that Ms. Lauer was not disabled within the meaning of the Act (Tr. 50-51).

Plaintiff challenges the ALJ's decision and raises two main issues on appeal. First, Ms. Lauer argues the ALJ erred when he failed to properly evaluate the medical opinion evidence of Dr. Woolman. Second, Plaintiff claims it was error to not account for her headaches in the RFC assessment. The court addresses each of Ms. Lauer's claims herein.

---

[2] RFC is the most that a claimant can do notwithstanding functional limitations stemming from her medically determinable impairments. *See* 20 C.F.R. §§ 404.1545, 416.945.

**The ALJ Did Not Err In Failing To Properly Evaluate The Medical Evidence.**

Plaintiff argues the ALJ erred in failing to explicitly discuss treating source, Dr. Woolman's, May 2012 opinion.[3] Dr. Woolman's May 2012 opinion predated Ms. Lauer's onset date. Even so, the evidence is probative and regulations require consideration of "all evidence in [the] case record." 20 C.F.R. §404.1520(a)(3). Thus, while it may have been preferable for the ALJ to explicitly discuss Dr. Woolman's May 2012 opinion, the failure to do so was not reversible error.

First, there was no error because the ALJ discussed and weighed three other subsequent opinions rendered by treating source Dr. Woolman.[4] Notably, these opinions were rendered during the relevant time period and indicated even greater limitations than those included in the May 2012 opinion (Ex. 9F (Tr. 450-461), 10F,

---

[3] Ms. Lauer argues the ALJ also failed to consider the opinions of her physical therapist, Ernie Chavez. The court rejects Plaintiff's argument. Chavez concluded Plaintiff could perform full-time work on a regular and continuing basis and his opinion does not support disability (Tr. 436-436). Moreover, while the ALJ acknowledged that Chavez's opinion was issued after the examinations of Drs. Grow and Nelson, the ALJ concluded that Chavez's findings were "generally consistent with the medical records and examination conducted prior to [Chavez's] opinion."(Tr. 49). Finally, even though the ALJ raised Ms. Lauer's limitations from "sedentary", as offered by Chavez, to "light level", the ALJ supported his decision with medical evidence showing Plaintiff's limited ability to kneel, crouch, crawl, ride a scooter and perform other activities of daily living. *See* 2013 examination findings (Tr. 328), Dr. Nelson's June 2013 findings (Tr. 426-433) and Dr. Woolman's January 2016 findings (Tr. 557).

[4] For purposes of subsequent review, an ALJ's decision must specifically identify the weight given to a treating source's medical opinion and the reasons therefore. *Watkins v. Barnhart*, 350 F.3d 1297,1300 (10th Cir. 2003). The Tenth Circuit explains "[t]he more comprehensive the ALJ's explanation, the easier our task; but we cannot insist on technical perfection." *Id.* Therefore, where the court "can follow the adjudicator's reasoning in conducting . . . review and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal." *Id.* Further, while the ALJ must evaluate all evidence of record, there is no requirement to "discuss every piece of evidence". *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citation omitted).

11F). The ALJ determined that the three subsequent opinions were only entitled to partial weight because they were inconsistent with the medical evidence of record and vague (Tr. 49). *See* 20 C.F.R. §§ 404.1527(c)(4), 404.927(c)(4) (ALJ considers whether an opinion is consistent with the record as a whole); 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3) ("The better an explanation a source provides for an opinion, the more weight [the ALJ] will give that opinion."); *see also Tarpley v. Colvin*, 601 F. App'x. 641, 643 (10th Cir. 2015) (unpublished) (affirming the ALJ's decision to discount treating physicians' opinions due to the fact that medical evidence did not support them). Here, the ALJ's conclusion that the three subsequent opinions were inconsistent with the medical evidence supports a similar rejection of Dr. Woolman's May 2012 opinion. *See Lately v. Colvin*, No. 560 F. App'x. 751, 754 (10th Cir. 2014) (unpublished) (finding that the error in failing to discuss and explicitly weigh an examining physician's opinion was harmless: "we can tell from the ALJ's rejection of [the treating physician's] nearly identical opinion that the ALJ gave no weight to [the examining physician's] opinion").

Second, there is no error because the ALJ sufficiently weighed the opinions of Drs. Nelson, Peterson and Terry and found they were supported by the record as a whole (Tr. 48). *See Davis v. Erdmann*, 607 F.2d 917, 919 n.1 (10th Cir. 1979) ("we will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned") (citations omitted). Specifically, the ALJ determined that although the physical examinations showed some negative symptoms, the exams did not show significant limitations overall (Tr. 48, citing Tr. 328, 426-33, 557). *See* 20 C.F.R. § 404.1527(c)(4) (ALJ considers whether an opinion is consistent with the record as a

whole), 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."). Further, having set forth a detailed summary of the medical records in the paragraphs preceding his discussion of the doctors' opinions (*see* Tr. 47-49)—the ALJ was not required to repetitively recite the same evidence in giving weight to those opinions. *See Endriss v. Astrue*, 506 F. App'x 772, 777 (10th Cir. 2012) (unpublished) ("The ALJ set forth a summary of the relevant objective medical evidence earlier in his decision and he is not required to continue to recite the same evidence again in rejecting [the doctor's] opinion.").

Overall, the ALJ's decision supports his consideration and weighing of the opinion evidence. The decision is amply supported by the longitudinal record, and any imprecision in his articulation regarding Dr. Woolman's May 2012 opinion does not warrant remand. Indeed the decision, read as a whole, is sufficiently specific to follow and medical evidence of record clearly supports the reasoning provided. *See Keyes-Zachary*, 695 F.3d at 1167 (in reviewing an ALJ's reasoning, "common sense, not technical perfection, is our guide").

**The ALJ Did Not Err In Failing To Include Limitations For Lauer's Headaches In The RFC Assessment.**

Next, Ms. Lauer argues the ALJ erred in failing to include her alleged headaches when making the RFC assessment. Here too, the Court finds no reversible error.

At the April 2016 administrative hearing, Plaintiff testified she had "severe migraines" three to four days a week such that she could only sleep or lay on the couch

(Tr. 65-66). In assessing Ms. Lauer's RFC, the ALJ noted her testimony but did not explain how he accounted for Plaintiff's alleged migraine symptoms (*see* Tr. 45-49). Again, while it may have been preferable for the ALJ to have provided an explanation, the Court finds no error as there is substantial evidence in the record to support the conclusion. *See, e.g.*, *Payton v. Astrue*, 480 F. App'x 465, 469 (10th Cir. 2012) (unpublished) (while "an explicit statement" that the ALJ had discounted evidence "would be preferable," the court took the ALJ at her word when she stated she considered the medical evidence in accordance with the applicable standards).

In assessing a claimant's RFC, the ALJ must account for all limitations stemming from medically determinable impairments. *See* 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). A claimant's "symptoms . . . will not be found to affect [her] ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment(s) is present." *See* 20 C.F.R. §§ 404.1529(b), 416.929(b). Therefore, a claimant must produce objective evidence—i.e., medical signs and/or laboratory findings—showing the existence of a medically determinable impairment that could reasonably be expected to produce the symptoms alleged. *See* 20 C.F.R. §§ 404.1529(b), 416.929(b). Without doing so, a claimant cannot establish disability. 20 C.F.R. §§ 404.1529(a), 416.929(a); *see also* Social Security Ruling (SSR) 96-4p, 1996 WL 374187, at *1 ("A 'symptom' is not a 'medically determinable physical or mental impairment' and no symptom by itself can establish the existence of such an impairment.").

Ms. Lauer first complained to Dr. Woolman of headaches in July 2014. When she reported continued headaches in October of 2014, Dr. Woolman ordered cervical x-rays which showed degenerative changes that were "[c]ertainly enough to cause her symptoms" (Tr. 581,Tr. 585). Dr. Woolman prescribed hydrocodone and refilled the prescription in November 2014 when Plaintiff complained of headaches (Tr. 585, 589). Ms. Lauer made no mention of headaches in 2015 (r. 593-98). However, in January 2016 when she saw Dr. Woolman for a disability examination, Ms. Lauer reported "full blown migraines" daily with visual changes and flashing lights (Tr. 557). While Dr. Woolman included "Headache" in his assessments, he did not render any related treatment and Ms. Lauer did not mention any headaches or migraines at any of her other visits to Dr. Woolman during 2016 (Tr. 554-56, 558, 599-600).

Ms. Lauer alleges symptoms of "full blown migraines" in 2016 (Tr. 65-66, 557), but the record does not contain any objective evidence of migraine headaches. Plaintiff complained of headaches in late 2014, yet the record does not document migraine symptomology (i.e., visual changes or flashing lights) or otherwise suggest migraines. Instead, the record evidence indicates Ms. Lauer's headaches were related to cervical degenerative disc disease and resolved with medication (Tr. 585). Dr. Woolman prescribed hydrocodone twice in late 2014 and, even though Ms. Lauer reported "various aches and pains with most of her pain centered in her upper and lower back," the record does not show any report of headaches by Plaintiff throughout all of 2015 (Tr. 585, 589, 591, 593-98, Tr. 597 ("unable to exercise due to her pain especially in her

back"), 554 ("[s]he is trying to do a little walking for exercise but is limited by her back and neck pain").

In this case, Ms. Lauer has not met her burden to show that her migraines were a medically determinable impairment. As a result, it would not be proper for the ALJ to account for her migraine symptoms in the RFC assessment. *See* 20 C.F.R. §§ 404.1529(b), 416.929(b).The Court finds the RFC assessment is supported by substantial evidence in the record as a whole. Further, Ms. Lauer has not shown that she was prejudiced by the ALJ's failure to discuss migraines in assessing the RFC. *See Bernal v. Bowen*, 851 F.2d 297, 302 (10th Cir. 1988) ("Since the ALJ's decision is amply supported by the medical reports and the record, [claimant] was not prejudiced by the ALJ's actions."), *see also Sanders*, 556 U.S. at 409-10 (the party that seeks to have a judgment set aside because of an erroneous ruling carries the burden of showing that prejudice resulted). Accordingly, the Court finds any no error. Alternatively, even assuming error, Ms. Lauer has not shown any prejudice and therefore her claim is without harm.

## **CONCLUSION**

For the reasons set forth above, the court concludes that the ALJ's decision is supported by substantial evidence and is free of harmful legal error. Accordingly, the court hereby AFFIRMS. Judgment shall be entered in accordance with federal rule 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer,* 509 U.S. 292, 296-304 (1993). Fed. R. Civ. P. 58.

DATED this 8th day of February, 2018.

_____
DUSTIN B. PEAD
United States Magistrate Judge